**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BRUCE N. SAFFRAN, Ph.D., M.D., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL NO. 2:07-cv-00451 (TJW) |
| v. | § | |
| | § | JURY TRIAL |
| JOHNSON AND JOHNSON, and | § | |
| CORDIS CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH P.R. 3-3

Plaintiff Bruce N. Saffran, M.D., Ph.D. ("Saffran") respectfully moves the Court to enter an order compelling Defendants Johnson & Johnson ("J&J") and Cordis Corporation ("Cordis") to serve new Invalidity Contentions complying with Local Rule P.R. 3-3(b) by identifying the specific combinations of references that allegedly rendered the claims of U.S. Patent 5,653,760 ("the '760 patent") invalid as obvious, identifying the claims of the '760 patent that are allegedly rendered obvious by each identified combination of prior art references, and identifying the specific motivation to make each such combination; with new Invalidity Contentions replacing the Invalidity Contentions jointly prepared and served by Defendants on November 10, 2008.  Alternatively, Saffran respectfully moves the Court to enter an order striking Defendants' Invalidity Contentions and precluding Defendants from presenting evidence and testimony on obviousness.

## STATEMENT OF FACTS

Dr. Saffran filed this civil action on October 9, 2007.  Defendants jointly served their Invalidity Contentions pursuant to P.R. 3-3 on November 10, 2008 (attached as Exhibit A).  The

Defendants' Invalidity Contentions is a 796 page document that discusses 149 listed references in 755 pages of mostly single-spaced text.  The Invalidity Contentions claim that the '760 patent is invalid as anticipated under 35 U.S.C. § 102 by or obvious under 35 U.S.C. § 103 over these 149 references.  The Invalidity Contentions allege obviousness of the '760 patent's claims over combinations of these 149 references.  In calculating the possible combinations of just one set of 148 references Defendants listed as combinable with a single primary reference, e.g., Palmaz '417, in alleging obviousness of the '760 patent under 35 U.S.C. § 103, one arrives at *exponentially* more possible combinations than the number of stars in the Milky Way galaxy.[1] Ex. A at B-1 to B-6.  A similar number of possible combinations exist for each of 44 additional sets of prior art listed by Defendants.  Ex. A at B-1 to B-241.

Not included in Defendants' Invalidity Contentions is even a single specific combination of references that allegedly invalidates any claim of the '760 patent.  Regarding obviousness, the Defendants state that the Invalidity Contentions identify "the prior art that anticipates the asserted claims or a *representative combination* of prior art references that render the asserted claims obvious . . . ."  Ex. A at 3 (emphasis added).  The Invalidity Contentions indicate that the way Saffran and the Court are to be informed as to whether a reference is used for obviousness or should be combined with another reference under 35 U.S.C. § 103(a) is:

> If a particular prior art reference is found not to anticipate a particular asserted claim, that reference renders that claim obvious, either alone or in combination with other prior art disclosing the elements allegedly missing from that reference.

*Id*. at 3.  But the Invalidity Contentions fail to identify which specific references are to be combined and in what manner and which elements are or may be missing from any primary reference or which elements are provided by any secondary reference; thus, the Invalidity

---

[1] There are at least *100 billion* stars in this galaxy.  Encyclopedia Britannica - *astronomy*, http://www.britannica.com/EBchecked/topic/40047/astronomy (at 6) (Exhibit B).

DSMDB-2563223

Contentions amount to little more than providing Saffran and the Court with a guessing game with the number of choices being literally astronomical.  But then the Defendants go even further in compounding the problem and magnify the uncertainties with the following statement:

> These charts are provided for illustrative purposes and *may not set forth every place* in every reference where a claim element is disclosed.

*Id*. at 3 (emphasis added).  And Defendants further expand their position when they state:

> In the charts, the *absence of an identified location* in a reference where a claim or claim element of the '760 patent is found is *not deemed an admission by Defendants that the element is missing* from the reference.

*Id*. at 3-4 (emphasis added).  Thus, even if the Defendants failed to identify a claim element as taught by a reference in their Invalidity Contentions, they reserved the right to have their expert find such a disclosure later and discuss it in an expert report despite the total failure of the Invalidity Contentions to comply with the rules.

Instead of identifying any specific combination of references under 35 U.S.C. § 103(a), Defendants state, for example:

> Palmaz '417 anticipates.   In addition, this art renders obvious by itself and/or in combination with one or more of [at least 148 other references.]

Ex. A at B-1 to B-6.  According to Defendants, the Palmaz '417 reference, for example, could be combined with 1, 10, or all 148 additional references in any combination to allegedly render unnamed claims of the '760 patent obvious.  Defendants make absolutely no effort to identify any one or more of the multitude of 148 *other* references that specifically should be combined with any primary reference, e.g., Palmas '417, under 35 U.S.C. § 103(a) and provide no indication of how they should be combined.

The sum of these almost limitless combinations has the intended result of making it literally impossible for Saffran to identify and study the references or combinations of references that Defendants rely upon as prior art for obviousness.  Defendants have created a gigantic haystack of references for Saffran ostensibly to analyze, when Defendants know full well that

DSMDB-2563223

they will only use a few straws that are buried in it.[2]  This kind of "compliance" with the Court's rules makes a mockery of their letter, spirit, and intention – to avoid ambush at trial.

Nowhere in 796 pages does Defendants' Invalidity Contentions (as served or as modified by letter) identify specifically what claims of the '760 patent are alleged to have been anticipated by any reference or rendered obvious by any one or more references.  The Invalidity Contentions leave it to Saffran and the Court to try to divine the Defendants' arguments or guess which claims are alleged to be invalid and why.

Finally, Defendants' Invalidity Contentions do not identify the specific motivation to make each combination of items of prior art.  Instead, the Defendants provide overarching and limitless statements such as:

> Generally, the reason to combine these references can be found – explicitly or implicitly – in the nature of the problem to be solved, the knowledge of the skill in the art in the 1995 time frame, the relation of the references to the subject matter at issue, the body of the references themselves, and/or the prior art as a whole.

Ex. A at B-241.  Defendants apparently intend this blanket statement to cover each and every one of the countless possible combinations of references offered by the Invalidity Contentions.[3]

On December 12, 2008, Saffran notified Defendants by letter of the deficiencies of the Invalidity Contentions.  Defendants responded by letter on January 5, 2009.  In Defendants' letter, they stipulated that the Invalidity Contentions "contain a complete listing of all prior art citations and combinations of prior art citations upon which J&J/Cordis intends to rely for its invalidity position."  *Id.*  However, Defendants did not attempt to meaningfully narrow the

---

[2] Defendants seek to justify this by contending that the '760 patent is so "clearly invalid" that it is necessary to cite and rely on 148 references.  If invalidity was so clear then Defendants must know which are their best references and how they should be combined and should not have to "hide the ball."

[3] While Defendants provide statements about the '760 patent specification and certain prior art references, these statements are not tied in any way to any specific combinations of prior art references.

DSMDB-2563223

possible combinations of references or specifically identify combinations of references and the claims they allegedly render obvious.  Furthermore, the Defendants specifically reserved the right to rely on all the prior art combinations listed in the Invalidity Contentions.

In their January 5, 2009 letter, Defendants listed three categories of references from the Invalidity Contentions: category A listing 30 references, which are named most relevant; category B listing 18 references, which are named less relevant and combinable with references from category A; and category C listing 3 references, which are named least relevant and combinable with references from categories A and B.  However, like the Invalidity Contentions, the January 5, 2009 letter fails to identify any specific combinations of references from these new categories or any claims that are allegedly invalid in view of any combination of references. Thus, any or all references from category A could be combined with any or all references from category B and any or all references from category C.  Yet even this apparent concession was nullified because in a footnote in the January 5, 2009 letter Defendants stated that "[s]uch identification [of categories] in no way disclaims the use of other prior art combinations listed in J&J/Cordis's Invalidity Contentions to demonstrate the obviousness of the '760 patent."  Thus, their footnote renders the listing of the three categories meaningless.

Also, Defendants stated that the general blanket statement in their Invalidity Contentions on motivation to combine references was sufficient to comply with P.R. 3-3 and that a more detailed explanation would not be provided now, but would in "due course."

On January 15, 2009, the parties met and conferred prior to Saffran's filing of this Motion.[4]  No agreement was reached.  At that conference the parties discussed the issues noted above relating to Defendants' Invalidity Contentions, specifically its lack of identification of

---

[4] Participating for Saffran were Eric M. Albritton, Gary M. Hoffman, Paul R. Taskier, Jeremy A. Cubert, and Ryan H. Flax.  Participating for J&J/Cordis were Richard Sayles, Eve Henson, Scott Howard, and Lynde Lintemuth.

DSMDB-2563223

combinations of references required by P.R. 3-3(b), its lack of identification of the motivation to combine such references required by P.R. 3-3(b), and its inclusion of "catch-all" portions that would allow for any listed reference to be used as an anticipation reference or obviousness reference in combination with any one or more other references (including art cited in those references but not expressly identified) for any claim in view of the violations of P.R. 3-3(b).

Defendants took the position that their Invalidity Contentions fully complied with the local rules.  Specifically, Defendants indicated that they needed to cite so many references and do so in such a general way because the '760 patent was "*really* invalid" (emphasis Defendants').  Defendants indicated that they wanted to keep their options open for later arguments on invalidity, wanted to wait until their expert reports were due to lay out their invalidity case, and had crafted their Invalidity Contentions for "security purposes."  Defendants stated that they needed to wait and see how discovery would play out to make their invalidity case, and that their invalidity position was subject to change based on expert (and other) depositions.[5]  Regarding motivation to combine references, Defendants said that their contentions provided all that is required under rules and that identified motivation for each specific combination of references is not necessary to be provided at this time and only would be provided in their expert report.  The Defendants agreed to review the Invalidity Contentions and eliminate "catch-all" phrases in order to address one of Saffran's concerns.

In response to the January 15, 2009 meet-and-confer, Defendants sent a letter on January 21, 2009, which rescinded conditional language referencing prior art not specifically listed in the Invalidity Contentions, which Saffran understands as removing some (though not

---

[5] When specifically asked what discovery Defendants believed they needed to crystallize their invalidity theories, they could not answer the question except to say that Dr. Saffran's testimony could change their theories.

DSMDB-2563223

all) of the catch-all phrases from the Invalidity Contentions.[6]  Defendants also took the position that their identification of three categories of references in their January 5, 2009 letter was "sufficient to comply with P.R. 3-3."[7]  Defendants specifically noted that they "do not disagree with Saffran that there are numerous combinations of 35 U.S.C. § 103 prior art disclosed in the Invalidity Contentions," but again stated that they want to keep their options open for later arguments.  Finally, the Defendants argue that their general allegation of motivation to combine made in the Invalidity Contentions (Ex. A at B-241) complies with P.R. 3-3(b).

## ARGUMENT

P.R. 3-3(b) requires that a party opposing a claim of patent infringement serve on all parties Invalidity Contentions, which must contain:

> Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes <u>a claim</u> obvious, <u>each such</u> combination, and the motivation to combine <u>such items</u>, must be identified.

P.R. 3-3(b) (emphasis added).  Defendants' Invalidity Contentions do not satisfy the spirit or letter of this rule and should, at a minimum, be corrected.

### A.    Defendants' Invalidity Contentions Fail To Crystallize Their Position, Invite Litigation By Ambush, And Must Be Corrected

A plain reading of P.R. 3-3(b) requires Defendants to specifically identify each combination and the motivation for making <u>the</u> combination under 35 U.S.C. § 103(a).  *Sick A.G. v. Omron Scientific Technologies Inc.*, 2007 WL 1223675 at *2 (N.D. Cal. Apr. 24, 2007).  This

---

[6] According to the January 21, 2009 letter, "J&J/Cordis believe the narrowed list of possible combinations provided in the January 5, 2009 letter from Herman Yue is sufficient to comply with P.R. 3-3."  However, the January 5, 2009 letter states that "[s]uch identification in no way disclaims the use of the other prior art combinations listed in J&J/Cordis's Invalidity Contentions to demonstrate the obviousness of the '760 patent."  Thus, the Defendants have not narrowed the list of possible combinations at all.

[7] Defendants indicated that they listed "a multitude of prior art references" in their Invalidity Contentions for obvious allegations.

DSMDB-2563223

is the only way the patent rules' goal of theory-crystallization and ensured adherence to such theories can be accomplished. *Id.* Defendants' Invalidity Contentions do not identify a single specific combination of references and do not specify any motivation for making any particular combination of references. The Defendants willfully failed to comply with the rule and have repeatedly refused to cure this failure. Where unspecified combinations and motivations for such combinations are presented summarily (*see* Ex. A), there is a severe and unjustifiable risk of including a combination that fails or a motivation that is incomplete. *Id.* Also, the Defendants' naming of categories of references by letter, while seeming to be more efficient than spelling out every combination of references, does not cure their violation of P.R. 3-3(b). *Id.* Defendants' Invalidity Contentions must be replaced with a document that "explicitly state[s] their theories of the case and [allows Saffran and the Court] to [know if Defendants] adhere to those theories once disclosed." *Id.*

Notwithstanding the mass and complexity of Defendants' Invalidity Contentions, they do not comply with the letter and spirit of the rules. The supposed notice of Defendants' positions is illusory, as it is literally impossible for Saffran to analyze potential combinations more numerous than the stars in the sky. The purpose of the local patent rules is <u>not</u> to allow a defendant to lay a tactical mine field of prior art, but to provide real and useful notice and information. *Finisar Corp v. DirectTV Group, Inc.*, 424 F. Supp. 2d 896, 898 (E.D. Tex. 2006) (granting motion to strike prior art references in defendant's contentions). The patent rules are specifically designed to require parties to <u>crystallize</u> theories as contentions early in the litigation in order to prevent a shifting sands approach that is otherwise common in patent cases with respect to claim construction and invalidity. *O2 Micro International Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (affirming district court's refusal to allow amendments to contentions); *see also*, *Nike, Inc. v. Adidas America Inc.*, 479 F. Supp. 2d 644,

DSMDB-2563223

667 (E.D. Tex. 2007).[8]  The local patent rules exist to further full, timely discovery and provide each party with adequate notice and information to litigate – they are not intended to create loopholes though which parties may practice litigation by ambush.  *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (motion to strike patent contentions granted for lack of identification); *Coopervision, Inc. v. CIBA Vision Corp.*, 480 F. Supp. 2d 884, 887 (E.D. Tex. 2007).  The goals of the patent rules are to speed up litigation and make it less expensive.  *Coopervision*, 480 F. Supp. 2d at 887.  Defendants do just the opposite.

Defendants' Invalidity Contentions improperly preserve Defendants' ability to cull invalidity arguments from an astronomical multitude of unspecified combinations of references without actually informing Saffran or the Court of their real positions now.  Rather than identify any particular combination of items of prior art that allegedly made any particular claim obvious, the Defendants have hidden their position in *a multitude* of references and combination possibilities exponentially more numerous than stars in Milky Way galaxy.  Defendant's modifications to their Invalidity Contentions by letter are not sufficient because Defendants expressly retained the ability to use any conceivable combination of references in their expert report without disclosing the specific combination and the motivation for making the combination now, as required by the rules.  The reason for their approach is simple – they wish to preserve their right to change their position after consulting with their experts.  Indeed, they admitted this at the meet-and-confer.  Defendants now seek to hide their position from Saffran and the Court under the guise of awaiting further discovery on invalidity.[9]

---

[8] Also, according to *Nike*, case law from the Northern District of California is deemed persuasive authority in the Eastern District of Texas.  *Nike*, 479 F. Supp. 2d at 667; *see also*, *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004).

[9] Moreover, even when specifically asked, the Defendants have failed to identify any reason why discovery in this case would alter their position with respect to anticipation or obviousness.  The rules specifically contemplate that the parties may need to alter their contentions in view of a claim construction order (or for good cause).  P.R. 3-6.

DSMDB-2563223

Furthermore, if Defendants are allowed to wait until their expert report(s) to crystallize their invalidity position (even though they have had *years* to develop these defenses), as they intend, Saffran will only have a short period (22 days) from receipt of Defendants' expert report(s) to develop a rebuttal, resulting in a real danger of litigation by ambush.  Under this scenario, Defendants will be able to pull any combination of references from their limitless list, effectively at the last minute.  This would unfairly prejudice Saffran.

The Court has the inherent power to enforce its scheduling orders and to impose sanctions for violation of the patent rules.  *Computer Acceleration,* 503 F. Supp. 2d at 819-22 (striking infringement contentions for lack of identification).  The Court may order strict compliance with its rules, requiring a party to correct its filings.  *Sick*, 2007 WL 1223675 (striking invalidity contentions and requiring explicit identification of combinations of prior art and the motivation to combine the items).  Indeed, where there has been willful noncompliance with the local patent rules, the Court may order replacement or amendment of (or the striking of) violating contentions.  *Id.*; *Computer Acceleration,* 503 F. Supp. 2d at 819-22 (patent contentions stricken); *Intertrust Techs. Corp. v. Microsoft Corp.*, 2003 WL 23120174 (N.D. Cal. Dec. 1, 2003) (striking infringement contentions and requiring a disclosure complying with the rules); *Yodlee, Inc. v. Cashedge, Inc.*, 2007 WL 2261566 (N.D. Cal. Aug. 6, 2007) (granting-in-part motion to strike, court expressed that the need for certainty in legal theories outweighs the right to develop new information in discovery).  Defendants should be compelled to correct their Invalidity Contentions to comply with P.R. 3-3(b) and specifically identify each combination of references they allege rendered each claim of the '760 patent invalid under 35 U.S.C. § 103 and what the specific motivation would have been for each of those combinations of references.  *See generally*, *Sick A.G.*, 2007 WL 1223675.  Saffran requests that the Court order Defendants to

DSMDB-2563223

immediately serve compliant Invalidity Contentions.  Anything less would reward Defendants'
willful disobedience of the local rules.

     **B.**     **Alternatively, In View Of Defendants Violation Of P.R. 3-3(b), Their
Invalidity Contentions Should Be Stricken And Related Evidence
Precluded At Trial**

     The local patent rules do not specify what remedial action should be taken for failure
of a party to comply.  However, because the rules are essentially case management orders
regulating discovery, the Court may impose any just sanction for failure to obey.  *O2 Micro*, 467
F.3d at 1363.  The Eastern District of Texas has generally required parties to correct deficient
contentions if they are not stricken altogether.  *Sick A.G.*, 2007 WL 1223675; *Intertrust Techs.
Corp.*, 2003 WL 23120174; *Connectel, LLC v. Cisco Sys., Inc.*, 319 F. Supp. 2d 526 (E.D. Tex.
2005).  Nonetheless, Saffran believes Defendants' apparent contempt for the rules and their
gamesmanship warrants the striking of their Invalidity Contentions accompanied by preclusion
of related evidence at trial.

     *Computer Acceleration* sets forth factors the Eastern District of Texas has considered
when deciding whether to strike patent contentions. 503 F. Supp. 2d at 822-25.  The first factor,
unfair prejudice, weighs in favor of striking Defendants' Invalidity Contentions.  *Id.* at 823.
Defendants do not identify even a single specific combination of references under 35 U.S.C.
§ 103(a) that allegedly would have rendered any claim of the '760 patent obvious.  What
Defendants have done is present Saffran and the Court with the following proposition: *any
conceivable combination* of their listed references could be used later to allege invalidity of the
'760 patent's claims.  Again, the combinations outnumber the stars of the Milky Way galaxy
more than trillions of trillions of times over.[10]  Defendants' contentions effectively amount to no

---

[10] Also, Courts have held it unreasonable to assert more than a few references for invalidity (two
allegedly anticipatory and two or three allegedly obviousness combinations) per claim.  *Rambus*

DSMDB-2563223

notice at all of their real position at trial and merely advance Defendants' goal of preserving their ability to infinitely modify their position prior to trial.  This unfairly prejudices Saffran and is confusing to the Court.  *Id.*

The second and third *Computer Acceleration* factors, length and reason for delay, also weigh heavily in favor of striking Defendants' Invalidity Contentions.  *Id.* at 823-24.  The Defendants have had at least since October 9, 2007 (in fact, 11 years since Saffran initially contacted them in 1997) to fully develop their invalidity position in consultation with experts and in view of the September 28, 2007 claim construction issued by the Court with respect to the '760 patent.[11]  Further, Defendants' delay has been and is totally within their control.  Having failed to comply with the rules, they now concede that the reason for their violation is to preserve their options, and Defendants continue to refuse to cure.  In such circumstances Defendants' Invalidity Contentions should be stricken.  *Id.* at 823-24.

The fourth *Computer Acceleration* factor, diligence, also weighs in favor of striking the Invalidity Contentions.  *Id.* at 824.  Defendants have been asked twice by Saffran, by letter and at the meet-and-confer, to remedy the specific deficiencies identified in this motion, but Defendants have refused to do so.  Instead, Defendants made meaningless gestures such as limiting their Invalidity Contentions to just the 149 references (and countless combinations) listed therein and defining meaningless categories of references while also reserving the right to

---

*Inc. v. Hynix Semiconductor Inc.*, 2008 WL 4104116 at *6 (N.D. Cal. Aug. 27, 2008). Defendants have asserted 149 references in any possible combination and refuse to voluntarily reduce that number or add even a measure of clarity.  Despite Defendants' claim that they have "narrowed" the list of possible combinations, they expressly preserve their ability to use any prior art combination possible from the Invalidity Contentions.

[11] Unlike infringement contentions, which conceivably might initially be based on less than all the relevant information on an accused product, invalidity contentions are based on an unchanging legal document and the world as it existed before that document.  The presumed validity of the '760 patent in view of the prior art will not be altered by discovery in this case.

DSMDB-2563223

use the references not in these categories – essentially allowing them to use the original contentions.[12]  Defendants have not been diligent in curing their violation.

The fifth *Computer Acceleration* factor, importance, also weighs in favor of striking the contentions.  *Id.* at 824-25.  Regardless of whether or not striking the Defendants' Invalidity Contentions would preclude all or part of their invalidity case, Defendants' violation of the rules cannot go uncorrected, lest such violations serve to encourage future violations in this and other litigations.  *Id.*  Defendants have been clear that they will not crystallize their invalidity case because they think they may need to change it based on future consultation with their experts.  Allowing the Defendants' Invalidity Contentions to stand would have pernicious consequences – parties would be encouraged to adopt a "rolling" approach to infringement and invalidity contentions in the hope of hiding their true intentions until late in a case, which would thwart the purpose of the local patent rules.  *Nike*, 479 F. Supp. 2d 669-70.  For their failure to identify combinations of references, Defendants' Invalidity Contentions should be stricken.

Defendants' Invalidity Contentions also do not satisfy the requirement of P.R. 3-3(b) to identify the motivation to make <u>each</u> combination of references under 35 U.S.C. § 103(a).  Defendants' statement on motivation might as well be that the totality of listed references are combinable with each other in any way under the sun for any reason courts have found to be sufficient.  This is no identification of motive for each combination as required by the language (i.e., "[T]he motivation to combine <u>such</u> items, must be <u>identified</u>."  P.R. 3-3(b) (emphasis added)) of the rule nor in the spirit of its goal of crystallization of invalidity theories.  *Sick A.G.*, 2007 WL 1223675.  The Defendants' blanket statement on motivation, particularly since not a

---

[12] Even if only the references of the three categories were considered, there would still be an astronomical number of possible combinations.

DSMDB-2563223

single combination of alleged prior art was identified, is a violation of P.R. 3-3(b).  *Id.* at 2.  For at least this reason as well, the Defendants' Invalidity Contentions should be stricken.

Each of the *Computer Acceleration* factors discussed above in relation to Defendants' failure to identify combinations of references also applies to the Defendants' failure to identify motivation.  503 F. Supp. 2d at 822-25.  Saffran will suffer unfair prejudice from the Defendants' failure to give notice of their invalidity position, the Defendants' delay and lack of diligence is unjustifiable and has been completely within their control, and the Defendants' disregard of the Court's rules should not go uncorrected.  *Id.*  All factors favor striking Defendants' Invalidity Contentions.  *Id.*

Refusing to allow Defendants to support defenses on matters stricken for failure to comply with the patent rules is permitted.  *See O2 Micro*, 467 F.3d at 1363; *Computer Acceleration*, 503 F. Supp. 2d at 819-22; *see also*, Fed. R. Civ. P. 16(f)(1) and 37(b)(2)(A)(ii).  Saffran fears that if the Court merely orders Defendants to serve replacement contentions complying with P.R. 3-3(b), the result will be further gamesmanship by the Defendants that narrows without bridging the gap between violation and compliance with the rule, necessitating further costly motion practice.  In view of their violations, disregard of this Court's rules, and gamesmanship, it would hardly be an abuse of discretion to preclude Defendants' evidence and testimony regarding the obviousness of any claim of the '760 patent.  *See, e.g.*, *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534 (Fed. Cir. 1998) (exclusion of invalidity evidence not abuse of discretion); *MGM Well Services, Inc. v. Mega Lift Systems, LLC*, 2007 WL 433283 (S.D.Tex. Jan. 24, 2007) (excluding evidence for patent rule violations); *In re Omeprazole*, 2002 WL 287785 (S.D.N.Y. Feb. 27, 2002) (excluding opinion testimony on prior art not properly identified during discovery).  Even if it precludes some of Defendants' defenses, the Court's response to Defendants' disregard of the rules and gamesmanship should be to strike their

14

offending contentions.  *Computer Acceleration*, 503 F. Supp. 2d at 824-25.  Saffran respectfully

requests, in the alternative, that the Court permanently strike the offending obviousness portion

of the Defendants' Invalidity Contentions and preclude Defendants from presenting testimony or

evidence on such defenses at trial.

<div style="margin-left: 40%;">Respectfully submitted,</div>

February 2, 2009

<div style="margin-left: 40%;">By: _____/s/_____</div>

<div style="margin-left: 45%;">

Eric M. Albritton
State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
Email:  ema@emafirm.com

Paul R. Taskier
Gary M. Hoffman
James W. Brady, Jr.
Kenneth W. Brothers
Jeremy A. Cubert
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC 20006-5403
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
Email:  hoffmang@dicksteinshapiro.com

**ATTORNEYS FOR PLAINTIFF**

</div>

DSMDB-2563223

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that before filing and serving the Plaintiff's Motion to Compel Defendants' Compliance With P.R. 3-3, the parties conferred on the issues dealt with therein, but failed to reach an agreement.


_____/s/_____

Gary M. Hoffman

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this _2nd__ day of February, 2009.


_____/s/_____

Gary M. Hoffman

17

DSMDB-2563223