**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BRUCE N. SAFFRAN, M.D., PH.D.,<br>     Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 2:07-CV-451 (TJW) |
| JOHNSON & JOHNSON and CORDIS<br>CORPORATION,<br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' renewed motion for a judgment as a matter of law

("JMOL") pursuant to Federal Rule of Civil Procedure 50(b) and motion for new trial pursuant

to Federal Rule of Civil Procedure 59.  (Dkt. No. 333.)  The Court has carefully considered the

parties' positions and the applicable law, and for the following reasons, the Court DENIES

Defendants' motions.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On January 12, 2011, a jury trial commenced in this case.  Plaintiff Dr. Bruce Saffran

claimed that Defendants directly, indirectly, and/or and willfully infringed U.S. Patent No.

5,653,760 ("the '760 Patent") by the Defendants' Cypher products and their use.  Defendants

denied that they directly, indirectly, and/or willfully infringed the '760 Patent, and the

Defendants further claimed that the '760 Patent is invalid because it is obvious under 35 U.S.C. §

103.  On January 28, 2011, the case was submitted to the jury, and the jury returned a verdict

finding that the '760 Patent is valid and that Defendants had willfully infringed the patent by the

use of their Cypher products.  The jury found the amount of damages to be $482,000,000.00.

After the trial, the Court granted Defendants' Rule 50(a) JMOL of no willful infringement, but

the Court denied Defendants' JMOLs on all other grounds.  (*See* Court Order Granting-in-part

and Denying-in-part Defendants' JMOLs , Dkt. No. 325.)  Defendants now have filed their Rule

50(b) JMOLs and additionally a motion for new trial under Rule 59.

## II.   DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(B).

The Court observes that Defendants' renewed motion for judgment as a matter of law

under Rule 50(b) essentially incorporates their previous motion for judgment as a matter of law

(Dkt. No. 296) and makes the same arguments.  The Defendants have preserved their record, and

the Court DENIES Defendants' renewed motion for the same reasons it denied Defendants'

original motion.  (*See* Court Order Granting-in-part and Denying-in-part Defendants' JMOLs,

Dkt. No. 325.)

## III.   DEFENDANTS' MOTION FOR A NEW TRIAL UNDER RULE 59.

Defendants also move for a new trial under Federal Rule of Civil Procedure 59.

Defendants offer two reasons[1] why a new trial is warranted: (1) evidence of willful infringement

tainted the trial proceedings; and (2) counsel for Plaintiff violated the "Golden Rule."  "The court

may . . . grant a new trial . . . for any reason for which a new trial has heretofore been granted in

an action at law in federal court . . . ."  Fed. R. Civ. P. 59(a).  In considering a motion for a new

trial, the Federal Circuit applies the law of the regional circuit—the Fifth Circuit in this case.  *z4*

*Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1347 (Fed. Cir. 2007).  "A new trial may be

granted, for example, if the district court finds the verdict is against the weight of the evidence,

the damages awarded were excessive, the trial was unfair, or prejudicial error was committed in

---

[1] Defendants also originally argued that a new trial is warranted because the Court excluded evidence regarding the Reexamination in this case. (*See* Dkt. No. 333, at 21.)  However, because the PTO subsequently issued a Notice of Intent to Issue Reexamination Certificate, Defendants withdrew this request in their reply brief. (Dkt. No. 333, at 12-13.)

its course." *Smith v. Transworld Drilling Co.*, 773 F.3d 610, 613 (5th Cir. 1985). "The decision to grant or deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999).

        A.       *The Effect of the Willful Infringement Claims on the Trial Proceedings*

The Court first addresses Defendants' argument that a new trial is warranted because evidence of willful infringement tainted the trial proceedings. This argument arises because after the jury verdict, this Court granted judgment as a matter of law that there was no willful infringement. (*See* Dkt. No. 325.) Defendants argue that this Court should have dismissed the willful infringement claims on summary judgment, and because the Court did not, the trial proceeding was tainted by evidence that was only admissible due to the willful infringement claim. As a result, Defendants ask this Court for a new trial on all the issues except willful infringement. The Court rejects Defendants arguments for at least two reasons.

First, the Court was only able to grant judgment as a matter of law of no willful infringement (based on the objective-prong) after having considered the fully developed record in the infringement proceeding. "Willful infringement requires an objective showing that the alleged actions constituted infringement of a valid patent, 'determined by the record developed in the infringement proceeding.'" *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1295 (Fed. Cir. 2008) (quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)). Although there may be cases where a court may make a determination of the objective-prong at the summary judgment phase, the Court in this case was not convinced willful infringement should have been dismissed until after observing the infringement proceeding (i.e., the trial).

Therefore, Defendants are incorrect that this Court should not have allowed these claims to go to

trial.

Second, the Court is not convinced a new trial is warranted because of any alleged

prejudice suffered by Defendants due to the willfulness claims in the trial (or evidence admitted

due to the willfulness claims).[2]  Although Defendants' legal theory for the new trial based on the

"tainted proceedings" is not clear from their briefing, Defendants' argument appears to be a type

of "spillover" argument that has been recognized by the Fifth Circuit—generally in the criminal

context.  *See, e.g.*, *United States v. Edwards*, 303 F.3d 606, 639 (5th Cir. 2002).[3]  To prove the

_____

[2] As an aside, Defendants' opening brief for its motion for a new trial also makes the following
statement:

> At the close of plaintiff's case and just before the case went to the jury, Cordis
> moved for JMOL on all issues, including willful infringement.  Following the jury
> verdict, the Court granted Cordis' motion with respect to willful infringement. . . .
> But by this point, it was too late and the evidence had infected the jury's
> deliberations on all issues.

(Defendants' Br., Dkt. No. 333, at 16-17.)  Although the intent of Defendants' argument is not
clear, if Defendants are arguing that it was error for the Court to wait to grant Defendants' JMOL
until after the jury verdict, as opposed to before closing arguments and jury deliberations (when
Defendants *technically* raised their JMOL issues), Defendants' argument is misleading and
Defendants have waived that argument.  Defendants' brief fails to mention that the parties agreed
that they would file their JMOLs in writing several days after the trial—but the JMOLs would
nevertheless be deemed timely filed and their record would be preserved.  (*See* 1/27 PM Tr., Dkt.
No. 306, at 146-148.)  As a result, Defendants cannot now argue the Court should have
dismissed the willfulness claims before closing arguments and jury deliberations because, as a
practical matter, Defendants knew that the Court could not have possibly made that decision
until after the jury verdict.  Rather, if Defendants were convinced of the strength of their
willfulness JMOL and were concerned of the prejudicial effect of willfulness in closing
arguments and jury deliberations, Defendants should not have agreed to delay the filing of their
JMOLs until after the jury verdict.  Furthermore, Defendants never objected to the Court's jury
instructions regarding willfulness, and Defendants never requested the Court add a jury
instruction to potentially cure the alleged prejudicial willfulness arguments that they now
complain of.

[3] It is unclear whether the Fifth Circuit would even apply this law in the civil context, given that
the Fifth Circuit law the Court has found has been related to criminal cases.  Furthermore,
Defendants never moved for a severance or a bifurcation of the willfulness claims, and the Fifth
Circuit generally "uses the term 'spillover' in discussing whether a district court abused its
discretion in denying a motion for severance."  *Edwards*, 303 F.3d at 639.  The Court, however,
will nevertheless perform the analysis.

"spillover" claim, Defendants must show (1) that the evidence would have been inadmissible but for the invalid claim; and (2) the evidence was prejudicial.  *See United States v. Aldedge*, 553 F.3d 881, 896 (5th Cir. 2008).  Defendants' argument fails in this case because the evidence and arguments about which Defendants complain would have also been admissible for induced infringement.   The Supreme Court has recently held that induced infringement requires a showing of knowledge that the induced acts constituted patent infringement.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).  The Court's instructions likewise instructed the jury that "Defendants also cannot be liable for inducing infringement if they had no reason to be aware of the existence of the patent."  (Jury Instructions Transcript, Dkt. No. 307, at 86.)   Therefore, the evidence Defendants complain of, such as the phone call to Dr. Saffran, was relevant to show knowledge of underlying acts of direct infringement of the patent. In addition, to the extent any evidence was admitted solely due to willful infringement, the Court holds that it was not prejudicial.  The jury was instructed separately regarding the law for each type of claim and the type of evidence to consider for that claim, and Defendants made no objections to the instructions other than their claim construction positions.  Further, the Court allowed Defendants to discuss the preferred embodiments of the patent-in-suit solely for the purposes of invalidity—this is not relevant for infringement.  Although Plaintiff's infringement case was potentially prejudiced because there was a risk the jury might improperly compare the preferred embodiments (as opposed to the claims) to the accused products, the Court would not have likely granted a new trial on infringement (if the jury found no infringement) because this invalidity evidence prejudiced the infringement proceeding.   Therefore, the Court DENIES Defendants' motion for a new trial because evidence of willful infringement allegedly tainted the trial proceedings.

### B.    The Golden Rule

Defendants' second argument for a new trial is that counsel for Plaintiff allegedly violated the "Golden Rule."  "[A] plea to the jury that they should put themselves in the shoes of the plaintiff and do unto him as they would have done unto them under similar circumstances . . . . [is] improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence."  *Loose v. Offshore Nav., Inc.*, 670 F.2d 493, 496 (5th Cir. 1982).  Defendants argument fails for several reasons.  As an initial matter, it is unclear whether Defendants are even making a "Golden Rule" argument, as in their reply brief they state "Cordis's request for new trial on tainted proceedings does not rest on Golden Rule principles alone but rather on Saffran's counsel's patter of emotional, inflammatory argument predicated on evidence that would have been excluded had the issue of willfulness been properly disposed of on Summary Judgment."  (Defendants' Reply Br., Dkt. No. 336, at 10.)  In any event, the Court holds that counsel for Plaintiff did not violate the Golden Rule because counsel never asked the jury to step into the plaintiff's shoes.  Rather, counsel stated that "I mean, just imagine how – it's hard for me to imagine how that would feel, okay"?  (1/28/11 AM Tr., Dkt. No. 307, at 17:9-10.)  Although counsel may have been in the process of starting to ask the jury to step in Dr. Saffran's shoes (e.g., "just imagine how"), counsel quickly corrected himself when he paused (i.e., the dash in the quote) and changed directions.  Thus, counsel never asked the jury to step into the plaintiff's shoes.  Finally, even though the Court does not hold that counsel for Plaintiff violated the "Golden Rule," Defendants never objected to the Court and gave the Court an opportunity to cure any potential prejudice.  *See Loose*, 670 F.2d at 497 ("The invocation of the Golden Rule does not create immutable error.   The trial judge may, by

6

appropriate instruction, salve the suit.").   Therefore, Defendants' argument for a new trial because of an alleged violation of the "Golden Rule" is DENIED.

## IV.   CONCLUSION

Defendants' renewed motion for judgment as a matter of law ("JMOL") pursuant to Rule 50(b) and motion for new trial pursuant to Rule 59 are DENIED.  (*See* Dkt. No. 333.)

It is so ORDERED.

SIGNED this 20th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE